# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA POOR, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>       Petitioner<br><br>v.<br><br>PARKING SYSTEMS PLUS, INC.<br><br>       Respondent | **PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**<br><br>24--CV-- |

To the Honorable Judges of the United States District Court for the Eastern District of New York:

Comes now Teresa Poor, Regional Director for Region 29 of the National Labor Relations Board (the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act), (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the disposition of the matters involved herein before the Board on the unfair labor practice Complaint of the General Counsel of the Board in Board Case No. 29-CA-331253, alleging that Parking Systems Plus, Inc. (Respondent) has engaged in unfair labor practices in violation of Section 8(a)(1), 8(a)(3) and 8(a)(5) of the Act (29 U.S.C. §158(a)(1), (3), (5)).

In support of her Petition, Petitioner respectfully shows as follows:

1

**I.**

Petitioner, the Regional Director of Region 29 of the Board, an agency of the United States Government, files this petition for and on behalf of the Board.

**II.**

Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. (29 U.S.C. § 160(j)).

**III.**

(a)     On December 4, 2023, Local 1102, Retail Wholesale & Department Store Union, United Food and Commercial Workers (the Union) filed an unfair labor practice charge in Board Case No. 29-CA-331253, and later amended it on February 7, 2024, to allege that Respondent committed violations of Sections 8(a)(1), (3) and (5) of the Act.  A copy of the initial charge in Case No. 29-CA-331253 and corresponding affidavit of service are attached as Exhibit A, and a copy of the first amended charge in Case No. 29-CA-331253 and corresponding affidavit of service are attached as Exhibit B.

(b)     On April 23, 2024, Petitioner issued a Complaint and Notice of Hearing (Complaint) in Case No. 29-CA-331253. A copy of the Complaint and corresponding affidavit of service is attached as Exhibit C.

(c)     On May 7, 2024, Respondent filed its Answer to the Complaint in Case Nos. 29-CA-331253. A copy of Respondent's Answer is attached as Exhibit D.

**IV.**

A trial on the allegations contained in the Complaint in Case No. 29-CA-331253 was held before Administrative Law Judge Benjamin Green on various dates beginning on June 18, 2024, and continuing on June 20 and 21, July 1 through 3, and July 24, 2024, on which dates witness

testimony and documentary evidence was adduced, including evidence bearing upon the merits of the Complaint allegations and the equitable factors underlying the need for injunctive relief.

## V.

(a)    Based on the evidence adduced at trial as described above, there is a strong likelihood that the allegations set forth in Petitioner's Complaint in Board Case No. 29-CA-331253 are true and that Respondent engaged in the unfair labor practices affecting commerce within the meaning of Section 8(a)(1), (3), and (5) of the Act, as alleged therein. Thus, it is likely that Petitioner will succeed on the merits of the Complaint before the Board. Specifically, the record establishes the likelihood that the Board will find that Respondent violated Section 8(a)(1) of the Act on November 25, 2023, by threatening employees that Respondent would not hire them because of their Union affiliation and conditioning their employment with Respondent on employees abandoning the Union, and that the Board will find that Respondent violated Section 8(a)(3) of the Act by refusing to hire employees because they were affiliated with the Union and to discourage other employees from supporting the Union or otherwise exercising their rights under the Act. Furthermore, the Board is likely to find that Respondent violated Section 8(a)(5) of the Act by failing and refusing to recognize the Union as the collective-bargaining representative of Respondent's employees working at Stony Brook University Hospital in Stony Brook, New York, and making changes to those employees' terms and conditions of employment without notifying or bargaining with the Union.

(b)    In light of Respondent's various violations of the Act, which the Board is likely to find, Respondent is currently and actively depriving employees of their rights guaranteed in Section 7 of the Act, such that injunctive relief is necessary. In support of this request for equitable relief, Petitioner will show as follows:

(i) At all material times, Respondent has been a New York corporation with a principal office located at 28 4th Street, Valley Stream, New York, and has been engaged in providing valet parking, vehicle parking management and transportation services, including those services provided to the State University of New York at Stony Brook (Stony Brook University) at its Stony Brook University Hospital location in Stony Brook, New York.

(ii) During the past 12 months, a period which is representative of Respondent's business operations in general, Respondent, in conducting its business operations described above in subparagraph (i), purchased and received at its New York State facilities goods valued in excess of $50,000 directly from points outside the State of New York.

(iii) At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

(iv) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(v) The following employees of Respondent (the Unit) constitutes a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> Included: All full-time and regular part-time runners (also known as drivers), greeters and cashiers who are regularly employed by Respondent at its Stony Brook University site, located in Stony Brook, New York.
>
> Excluded: All employees employed at other sites, administrative employees, clerical employees, professional employees, confidential employees, casual per diem employees, managerial personnel, guards and supervisors as defined by the Act.

(vi) During the period from November 2015, through November 30, 2023, Classic Valet Parking, Inc. (Classic) was contracted by Stony Brook University to provide valet parking services at Stony Brook University Hospital.

(vii) On November 9, 2015, the Union was certified by the Board as the exclusive collective-bargaining representative of the Unit employed by Classic.

(viii) From November 9, 2015, to November 30, 2023, based on Section 9(a) of the Act, the Union had been the exclusive collective-bargaining representative of the Unit employed by Classic.

(ix) At all material times, Robert "Bobby" Gust held the position of Recruitment Specialist for Respondent and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

(x) On November 25, 2023, Respondent, by Gust, at Jake's 58 Hotel and Casino located in Islandia, New York, told employees that Respondent would not hire them because they were represented by the Union and offered employees employment with Respondent on the condition of their abandoning the Union.

(xi) In November 2023, Respondent failed and refused to hire any of the Unit employees employed by Classic at Stony Brook University Hospital, including each of the following individuals:

| | |
|---|---|
| Irene Agyris | Ana Mejia |
| Virgilio Almonte Cepeda | Salvador Mejia |
| Juan Carlos Alvarado Tobar | Danny Morales Espinal |
| Jose Manuel Angeles Presinal | Augustin Morel |
| Edwin Arias Almonte | Reye Morel |
| Edward Arias Gil | Juan Mosquera |
| Pedro Baret | Ramon Peralta |

| | |
|---|---|
| Reinaldo Dejesus Rojas Garcia | Jose L. Perez |
| Dublin Delva | Jose M. Perez |
| Albery Diaz Lora | Ramon Perez |
| Ronaldo Estevez Rodriguez | Michael Perez Arias |
| Santa Leticia Fabian Rodriguez | Vladimir Rodriguez |
| Juan Carlos Fernandez | Blas Romero |
| Francis Gil Reyes | Santiago Tavarez |
| Jeyson Hernandez | Isaac Thomas |
| Jose Hernandez | Indira Valdez |
| Claudio Marrero-Delance | Ynoe Valdez |

(xii) Respondent engaged in the conduct described above in subparagraph (xi) because the Classic employees were represented by and/or affiliated with the Union, and to discourage employees from engaging in union activities.

(xiii) At all times since December 1, 2023, Respondent has contracted with Stony Brook University to provide valet parking services at Stony Brook University Hospital, replacing its predecessor Classic.

(xiv) Since December 1, 2023, Respondent has continued to operate the business of Classic at Stony Brook University Hospital in essentially unchanged form.

(xv) But for the conduct described above in subparagraphs (xi) and (xii), Respondent would have employed, as a majority of its employees, individuals who were previously employees of Classic in the Unit.

(xvi) Based on the conduct described above in subparagraphs (xi) and (xii) and the operations described above in subparagraphs (xiii) and (xiv), Respondent has continued the employing entity and is a successor to Classic.

(xvii) On November 9, 2023, the Union, by letter, requested that Respondent recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

6

(xviii) Since December 1, 2023, Respondent has refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit.

(xix) On or about December 1, 2023, Respondent implemented changes to Unit employees' wage rates, benefits and other terms and conditions of employment.

(xx) The subjects set forth above in subparagraph (xix) relate to the terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(xxi) Respondent engaged in the conduct described above in subparagraphs (xix) and (xx) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

(xxii) By the conduct described above in subparagraph (x), Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(xxiii) By the conduct described above in subparagraphs (xi) and (xii), Respondent has been discriminating in regard to the tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(xxiv) By the conduct described above in subparagraphs (xiv) through (xvi), and (xviii) through (xxi), Respondent has been failing and refusing to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Unit, and thereby has been engaging in unfair labor practices within the meaning of Section 8(a)(l) and (5) of the Act.

(xxv) The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**VI.**

Upon information and belief, Respondent's unfair labor practices described above in Section V of this Petition have caused employees to become disillusioned with and lose their support for the Union. Upon information and belief, many Unit employees have begun to move on to other jobs at different locations. The serious and substantial unfair labor practices described above in Section V are such that, as time continues to pass without a remedy for Respondent's violations, there will be only a slight possibility that the Board's traditional remedies could restore the Union to its rightful place as the collective-bargaining representative of Unit employees, supported by a majority of the Unit. In that event, the enforcement of important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedures of the Board.

Unless the injunctive relief is granted, it may be fairly anticipated Respondent will continue its unlawful conduct during the proceedings before the Board by continuing to unlawfully refuse to recognize and bargain with the Union or offer employment to former Classic employees who have been denied jobs based on their Union affiliation. Consequently, Respondent's employees at Stony Brook University Hospital, as well as the former Classic employees, will inevitably conclude that the Board cannot effectively protect their rights under Section 7 of the Act to engage in union activities, to bargain collectively through representatives of their own choosing, or to refrain from such activities, thereby gravely undermining the Board's remedial power. It is further anticipated that by the time a Board Order can be obtained against Respondent, it will not be possible to restore the status quo that existed before Respondent's unfair labor practices.

**VII.**

Upon information and belief, the serious adverse consequences set forth above in Section VI establish a significant likelihood that irreparable harm will result to the national policy

protecting workers' right to unionize, to the rights of Respondent's employees and former Classic employees, and to the public interest, in the absence of immediate injunctive relief. It is therefore equitably necessary for purposes of effectuating the policies of the Act, in accordance with the purposes established in Section 10(j) of the Act, that Respondent be enjoined and restrained pending final disposition of the matters herein before the Board, as herein prayed.

## VIII.

**WHEREFORE,** Petitioner prays:

That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show case, if any, as to why a temporary injunction should not issue enjoining and restraining Respondent, their officers, agents, representatives, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters Board, as follows:

1. Cease and Desist from:
    a. Threatening employees that Respondent will not hire them because of their representation by or affiliation with the Union, or any other labor organization;
    b. Conditioning employment with Respondent upon employees relinquishing their right to be represented by the Union, or any other labor organization;
    c. Refusing to hire employees because of their representation by or affiliation with the Union, or any other labor organization, or because they engaged in union activities;
    d. Failing and refusing to recognize and bargain with the Union as the exclusive collective-bargaining representative of the Unit employees;
    e. Unilaterally changing unit employees' terms and conditions of employment; and

f. In any other manner unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to them under Section 7 of the Act; and further to

2. Take the following affirmative actions:

    a. Immediately recognize and, upon request, bargain with the Union in good faith as the exclusive collective-bargaining representative of the following bargaining unit of employees:

    > Included: All full-time and regular part-time runners (also known as drivers), greeters and cashiers who are regularly employed by Respondent at its Stony Brook University Hospital site, located in Stony Brook, New York.
    >
    > Excluded: All employees employed at other sites, administrative employees, clerical employees, professional employees, confidential employees, casual per diem employees, managerial personnel, guards and supervisors as defined by the Act.

    b. Within five (5) days of the District Court's order, offer, in writing, employment to the former Unit employees of the predecessor, Classic, who would have been employed by Respondent *but for* the unlawful discrimination against them, to their former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employees who may have been hired or reassigned to replace them. The individuals entitled to an interim employment offer at Respondent's operations at Stony Brook University Hospital are:

    | | |
    |---|---|
    | Irene Agyris | Ana Mejia |
    | Virgilio Almonte Cepeda | Salvador Mejia |
    | Juan Carlos Alvarado Tobar | Danny Morales Espinal |
    | Jose Manuel Angeles Presinal | Augustin Morel |
    | Edwin Arias Almonte | Reye Morel |

| | |
|---|---|
| Edward Arias Gil | Juan Mosquera |
| Pedro Baret | Ramon Peralta |
| Reinaldo Dejesus Rojas Garcia | Jose L. Perez |
| Dublin Delva | Jose M. Perez |
| Albery Diaz Lora | Ramon Perez |
| Ronaldo Estevez Rodriguez | Michael Perez Arias |
| Santa Leticia Fabian Rodriguez | Vladimir Rodriguez |
| Juan Carlos Fernandez | Blas Romero |
| Francis Gil Reyes | Santiago Tavarez |
| Jeyson Hernandez | Isaac Thomas |
| Jose Hernandez | Indira Valdez |
| Claudio Marrero-Delance | Ynoe Valdez |

c. Upon request by the Union, rescind any or all unilateral changes that Respondent implemented at or since the time it took over operations.

d. Within five (5) days of issuance of the Order, post copies of the District Court's Order (not the full opinion) at Respondent's Stony Brook University Hospital operation, in the areas where notices to employees are customarily posted, with those postings to be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements, in a manner by which all Respondent's employees working at Stony Brook will have free and unrestricted access to said notices.

e. Grant to agents of the Board reasonable access to Respondent's Stony Brook University Hospital operations in order to monitor compliance with this posting requirement.

f. Within five (5) days of issuance of the Order, distribute the District Court's Order electronically to all Unit employees via email and all intranet or internet sites or apps that Respondent uses to communicate with its employees.

g. Within fourteen (14) days of the date of the District Court's Order, convene Respondent's Stony Brook University Hospital operation employees during working time for a mandatory meeting (or multiple meetings to ensure attendance by as many employees as possible), during which a responsible official of Respondent, in the presence of a Board Agent and a representative of the Union, will read the District Court's Order (not the full opinion) to employees in English and Spanish, or at Respondent's option, a Board Agent will read the Order in English and Spanish in the presence of the responsible official of Respondent. Respondent will announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees, and the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading will take place under the same conditions. Respondent will also allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise.

h. Within twenty-one (21) days of the issuance of the District Court's Order, file with the District Court and submit a copy to the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible official of Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Order, including how it has posted the documents required by the Court's decree.

Dated on October 7, 2024.

                                  */s/ Teresa Poor*
                                  _____
                                  Teresa Poor
                                  Regional Director, Region 29
                                  National Labor Relations Board
                                  Two MetroTech Center, Suite 5100
                                  Brooklyn, New York  11201