UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA POOR, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner<br><br>v.<br><br>PARKING SYSTEMS PLUS, INC.<br><br>Respondent | MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE ACT ON THE BASIS OF ADMINISTRATIVE RECORD, INCLUDING HEARING TRANSCRIPT AND SUPPLEMENTAL AFFIDAVIT<br><br>22--CV-- |

To the Honorable Judges of the United States District Court for the Eastern District of New York:

Comes now Teresa Poor, Regional Director for Region 29 of the National Labor Relations Board (the Board), and moves this Court to try the Petition for Temporary Injunction pursuant to Section 10(j) of the National Labor Relations Act (the Act), as amended, 29 U.S.C. § 160(j), on the basis of the official evidentiary record and the sworn affidavit of Local 1102, Retail Wholesale & Department Store Union, United Food and Commercial Workers (Union) representative Ayse Porsuk.

I.   PROCEDURAL BACKGROUND

This proceeding is before the Court on the Petition filed contemporaneously by the Petitioner seeking a temporary injunction pending the disposition of the matters involved herein before the Board, based on the unfair labor practice Complaint and Notice of Hearing in Board Case No. 29-CA-331253, alleging that Parking Systems Plus, Inc. (Respondent) has engaged in

1

unfair labor practices in violation of Section 8(a)(1), (3) and (5) of the Act. Petitioner seeks a preliminary injunction to prevent Respondent from persisting in conduct that violates the Act, thereby frustrating the remedial purposes of the Act.

A hearing on the merits of the Complaint was conducted before Administrative Law Judge Benjamin Green on June 18, 20 and 21, and July 1 through 3, and July 24, 2024. Pursuant to the Rules and Regulations of the Board, the hearing was conducted, as far as practicable, under the auspices of the Federal Rules of Evidence and the Federal Rules of Civil Procedure. *See* Board Rules and Regulations, 29 CFR §102.39. Respondent was represented by counsel at the unfair labor practice hearing, where it had the opportunity to call, examine, and cross-examine witnesses and to introduce documentary and other evidence into the record. *See* Board Rules and Regulations, 29 CFR §102.38. A verbatim written transcript of the Board proceedings was prepared, and all exhibits received into evidence were made part of the formal record. *See* Board Statement of Procedures, 29 CFR § 101.10. In addition, an affidavit sworn under the penalty of perjury by Ayse Porsuk, the Union's Business Agent, provided to Petitioner on February 20, 2024, supplements the administrative hearing record, providing additional detail in support of the equitable need for temporary injunctive relief in this case.

The administrative record from the unfair labor practice hearing in this case fully establishes Petitioner's allegations regarding the unfair labor practices committed by Respondent. The administrative record will also provide the Court a complete picture of the Petitioner's likelihood of success on the merits of the allegations. However, the second issue before this Court, whether irreparable harm will result in the absence of injunctive relief, was not relevant to the administrative proceedings and is not fully addressed by the administrative record. Accordingly, additional evidence of the ongoing irreparable harm to employees and the Union caused by

2

Respondent's unfair labor practices is needed, and Petitioner submits the affidavit of Union Business Agent Porsuk for that purpose.

For the reasons set forth below, Petitioner moves this Court to try the Petition for Temporary Injunction based on the official evidentiary record developed during the administrative hearing, which includes the administrative transcript of sworn testimony[1] and exhibits,[2] and on the sworn affidavit of Union representative Porsuk.[3]

## II. ARGUMENT

The Court can both expedite the injunction proceeding and conserve the resources of the Court and the Parties by hearing the injunction case on the complete evidentiary record that has already been developed before a Board administrative law judge over seven extended days of hearing, supplemented by the February 20, 2024, affidavit of Union Business Agent Porsuk. Petitioner respectfully submits that this procedural framework is consistent with the law, will avoid unnecessary duplicative litigation, and reflects a sound exercise of judicial discretion in the instant case.

### A. The Statutory Scheme Under Which Injunctive Relief is Sought

Section 10(j) of the Act[4] authorizes United States district courts to grant temporary injunctions pending the Board's resolution of unfair labor practice proceedings. This provision

---

[1] The full transcript of sworn witness testimony in the administrative hearing are attached to this motion and identified as Exhibit A.

[2] The exhibits admitted into evidence at the administrative hearing are attached to this motion and identified as Exhibit B (B(i) (Board Exhibits); B(ii) (Respondent Exhibits); B(iii) (Joint Exhibits), and B(iv) (Charging Party Exhibits)).

[3] The sworn affidavit of Ms. Porsuk is attached to this motion and identified as Exhibit C.

[4] Section 10(j) (29 U.S.C. Section 160(j)) provides: "The Board shall have power, upon issuance of a complaint as provided in subsection (b), charging that any person has engaged in or is engaging in an unfair labor practice, to petition a United States district court, within any district wherein the unfair labor

3

reflects Congressional recognition that, because the Board's administrative proceedings are often protracted, absent interim relief, a respondent can accomplish its unlawful objective before being placed under any legal restraint, and a final Board order may be rendered ineffectual.[5] Section 10(j) is intended to prevent the potential frustration or nullification of the Board's remedial authority caused by the passage of time inherent in Board administrative litigation.

In evaluating a petition for an injunction under Section 10(j), district courts must analyze the request under traditional equitable criteria. *Starbucks Corp. v. McKinney*, 144 S.Ct. 1570, 1577 (2024); *see also*, *Small v. Avanti Health Systems, LLC,* 661 F.3d 1180 (9th Cir. 2011)*; Frankl v. HTH Corp.,* 650 F.3d 1334, 1355 (9th Cir. 2011). Thus, to obtain a preliminary injunction, the Petitioner must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in the Board's favor; and (4) that an injunction is in the public interest. *McKinney*, 144 S.Ct. at 1577 *(*citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008)).

### B. Petitioner's Likelihood of Success on the Merits Was Fully Litigated in the Underlying Administrative Hearing Obviating the Need for Further Litigation on This Issue

In the instant case, the Court's discretion would be well-exercised by deciding the Petition for Temporary Injunction on the basis of the record developed in the unfair labor practice hearing, as supplemented by the affidavit of Porsuk, because many of the issues to be decided by the Court have already been fully litigated during the administrative hearing. Especially with respect to

---

practice is alleged to have occurred or wherein such person resides or transacts business, for temporary relief or restraining order. Upon filing such a petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper."

[5] See *Starbucks Corp. v. McKinney*, 144 S.Ct. 1570, 1574 (2024); *Kaynard v. Palby Lingerie, Inc.*, 624 F.2d 1047, 1055 (2nd Cir. 1980); see also *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 38 (2nd Cir. 1975), citing S. Rep. No. 105 80th Cong., 1st Sess., at p. 8 (1947), reprinted at I Legislative History of Labor Management Relations Act of 1947, 414 (Government Printing Office 1985).

matters concerning Petitioner's likelihood of success on the merits, the administrative record comprehensively provides the evidence that the Board will consider in resolving the merits of unfair labor practice allegations. *See NLRB v. Johnson*, 310 F.2d 550, 552 (6th Cir. 1962) (Board "must confine itself to the record before it") (citing Administrative Procedure Act, 5 U.S.C. §1006(d)). The Parties here have already litigated the underlying merits of the case during a protracted trial before an administrative law judge, during which the Parties had full opportunity to present witnesses, cross examine witnesses and submit relevant documentary evidence in support of their positions.

Given the existing comprehensive administrative record bearing upon the merits of the unfair labor practice allegations at issue here, it would be unnecessary and injudicious for the District Court to conduct a full evidentiary hearing on those allegations. Conversely, expanding evidentiary inquiries beyond the administrative record and supplemental affidavit would invite delay and prolong the resolution of this Petition, contravening the Court's imperative to quickly resolve this Section 10(j) case. *See Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 141 (2d Cir. 2013) (recognizing need for "speedy resolution to preserve the status quo in a labor dispute") (citing *Muniz v. Hoffman,* 422 U.S. 454, 466–67 (1975)).

It is well-established that a district court may base its temporary injunction determinations upon the evidentiary record of sworn testimony and admitted exhibits adduced during a hearing before an administrative law judge of the Board, supplemented by sworn affidavits. *See Kaynard v. Palby Lingerie, Inc.,* 625 F.2d 1047, 1051-52 (2d. Cir. 1980) (affirming a preliminary injunction under Section 10(j) of the Act that was granted based on the hearing transcript and exhibits adduced before the administrative law judge in the underlying administrative proceeding); *Murphy v. Hogan Transports, Inc.*, 581 F. Appx. 36, 38 (2d Cir. 2014) (remanding Section 10(j) case and

directing district court to rely upon administrative hearing record); *see also*, Fuchs *v. Hood Industries, Inc.,* 590 F.2d 395, 398 (1st Cir. 1979) (transcript generated during hearing before the administrative law judge "could be of considerable assistance in expediting the work of the [district] court"). Thus, the weight of judicial authority holds that it is appropriate for the Court here to base its likelihood of success determinations upon evidence presented in the form of the administrative hearing record and affidavits. *See Coffman v. Queen of the Valley Med. Ctr.,* 895 F.3d 717, 729 (9th Cir. 2018); *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987); *Fernbach ex re. N.L.R.B v. Raz Dairy, Inc.*, 881 F. Supp. 2d 452, 456-460 (S.D.N.Y. 2012) (injunction granted based on affidavits); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 4l2 F.2d 541,546 (9th Cir. 1969) (affidavits only); *Overstreet v. NP Red Rock, LLC*, No. 2:20-cv-02351 GMN-VCF, 2021 WL 3064120 at *1 n.1 (D. Nev. July 20, 2021) (affidavits and partial administrative record), aff'd Nos. 21-16220, 21-16355, 2021 WL 5542167 (9th Cir. Nov. 26, 2021); *Wilson v. Jersey Shore Steel Co.*, 2020 WL 2064146 at *2 n.6 (M.D. Pa. April 29, 2020) (affidavits and "other evidence"); *Rubin v. Hosp. of Barstow, Inc.*, 2016 WL 4547152, *7 n.4 (C.D. Cal. Aug. 29, 2016) (affidavits; hearsay and affidavits may be given weight in preliminary injunction proceeding); *Garcia v. S & F Market St. Healthcare, LLC*, 2012 WL 13221888, * 12 n.3 (C.D. Cal. 2012) (same); *Barker v. Latino Exp. Inc.*, 2012 WL 1339621 at *5 (N.D. Ill. 2012) (administrative record supplemented with affidavits; no need for hearing); *Lund v. Case Farms Processing, Inc.*, 794 F. Supp. 2d 809, 812 n.3 (N.D. Ohio 2011) (affidavits and documents).

### C. A Full Evidentiary Hearing is Not Required to Try the Equitable Prongs of the *McKinney* Analysis

While the purpose of the underlying administrative proceeding is to determine whether the alleged unfair labor practices have in fact occurred, evidence regarding the effects of those unfair labor practices is largely irrelevant to the administrative hearing and is, therefore not fully

6

developed in the administrative record. However, Petitioner here alleges that Respondent's unfair labor practices have had a chilling effect on employees' free exercise of Section 7 rights that will likely render an eventual Board remedy ineffective, a contention that was not relevant to the issues presented to the administrative law judge but is highly relevant to the analysis of whether irreparable harm will occur absent injunctive relief, whether the balance of harms tips in Petitioner's favor, and whether relief is in the public interest.[6] Thus, Petitioner should be allowed to present affidavit evidence to supplement the administrative record and fully address the reasons why injunctive relief is equitably necessary, given the likelihood of irreparable harm that will result in the absence of preliminary relief and the balance of hardships that favors enjoining Respondent's unfair labor practices in the public interest. Such evidence is necessary for the Court to properly evaluate the propriety of injunctive relief.

Several District Courts within the Second Circuit have made equitable determinations under Section 10(j) of the Act on the basis of affidavits and other supporting documentary evidence. *See Fernbach v. Raz Dairy, Inc.,* 881 F. Supp. 2d 452, 466 (S.D.N.Y 2012); *Dunbar v. Landis Plastics, Inc.,* 977 F. Stipp. 169, 176 (N.D.N.Y 1997); *Silverman v. Red & Tan Charters, Inc.,* No. 93 .CFV 6353 (LIAM), 1993 WL 498062, at *1 (S.D.N.Y Nov. 30, 1993). These precedents show that additional testimony via an evidentiary hearing is unnecessary. However, should the Court determine that further evidence is necessary, Petitioner asserts that any resulting hearing should be for the sole purpose of presenting additional evidence and/or argument on the equitable prongs of the Section 10(j) *McKinney* analysis and for no other purpose, since the parties have already presented extensive testimony and evidence on Petitioner's likelihood of success on the merits.

---

[6] See, e.g., *Pascarell v. Vibra Screw Inc.*, 904 F.2d 874, 878-79 (3d Cir. 1990) ("chilling" impact upon employees justified grant of 10(j) injunction).

7

Finally, deciding this Section 10(j) injunction based on the administrative record and a supplemental affidavit is proper because neither Rule 43(e) nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony in this type of statutory, temporary injunction proceeding. *Silverman v. Red & Tan Charters, Inc.*, 1993 WL 498062 (S.D.N.Y. Nov. 30, 1993) (declining to find that Rule 65 requires the holding of an evidentiary hearing on a Section 10(j) petition). Such procedures do not deny a fair hearing or due process to the Respondent. *See Aguayo v. Tomco Carburetor Co.*, 853 F. 2d 743, 750-751 (9th Cir. 1988) (overruled on other grounds); *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 25-26 (1st Cir. 1986); *Gottfried*, 818 F.2d at 493.

In accordance with the above cited precedent, and to ensure the timely and efficient resolution of this case, it is appropriate for the Court here to accept the hearing transcript, including exhibits, and the supplemental affidavit of Union representative Porsuk as proper evidence in support of the Petition and rely upon that evidence to determine whether the injunctive relief prayed for in the Petition is warranted.

### III.  CONCLUSION

In conclusion, consideration of the Petition based on the administrative hearing transcript, exhibits and supplemental affidavit will avoid the inherent delay in scheduling and conducting a full evidentiary hearing, avoid duplicative litigation, facilitate a speedy decision, and conserve this Honorable Court's time and resources. Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Sec. 1657(a) and the original Congressional intent that establishes preliminary injunctive relief under Section 10(j) of the Act. *See* I Legislative History LMRA 1947*,* 414*,* 433 (Government Printing Office 1985).

Thus, Petitioner respectively moves this Court to try the Petition for Preliminary Injunction based on the administrative hearing record and the February 20, 2024, affidavit of Ayse Porsuk.

Respectfully submitted on October 7, 2024.

                                              _/s/ Matthew Jackson_
Matthew A. Jackson
National Labor Relations Board
Counsel for Petitioner
One MetroTech Center, 20th Floor
Brooklyn, NY 11201
Telephone: (718) 765-6202
Email: matthew.jackson@nlrb.gov