**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

TERESA POOR, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD

Petitioner

v.

PARKING SYSTEMS PLUS, INC.

Respondent

**RESPECTIVE PROPOSED BRIEFING SCHEDULES JOINTLY SUBMITTED BY THE PARTIES**

2:24--CV--07051-GRB-AYS

Petitioner Teresa Poor, for and on behalf of the National Labor Relations Board (Petitioner), and Respondent Parking Systems Plus, Inc. (Respondent) hereby jointly submit their Respective Proposed Briefing Schedules in accordance with the Court's October 7, 2024, Scheduling Order directing the Parties to submit a joint briefing schedule regarding Petitioner's Petition for Temporary Injunction under Section 10(j) of the National Labor Relations Act (Act) and prospective dates for an in-person hearing.

Counsel for the Parties met and conferred on October 10, 2024, regarding a potential proposed briefing schedule. The Parties, however, are unable to reach agreement on a proposed briefing schedule and therefore, respectively, submit the following briefing schedule proposals and respectfully request that the Court set a briefing and hearing schedule based upon the Parties' submissions and the availability of the Court.

**PETITIONER'S PROPOSED BRIEFING SCHEDULE**

This action for temporary injunction pursuant to Section 10(j) of the Act should be treated with priority and heard by the Court expeditiously, requiring a short timeframe for briefing and a hearing to be scheduled, if necessary, promptly after briefing is completed. Given the pressing nature of this Section 10(j) case in which Petitioner contends that Respondent has committed unfair labor practices that must be enjoined to prevent irreparable harm in the public interest, the Second Circuit holds that the Court must endeavor to resolve the Petition quickly, as the "unique statutory scheme" under which this case is filed "requires . . . speedy resolution to preserve the status quo in a labor dispute." *See Kreisberg v. HealthBridge Mgmt., LLC*, 732 F.3d 131, 141 (2d Cir. 2013) (citing *Muniz v. Hoffman,* 422 U.S. 454, 466–67 (1975)). Accordingly, Petitioner submits that briefs be submitted by the Parties within a timeframe that respects the need to promptly resolve this matter.

Petitioner proposes that Respondent be required to submit is Answer to the Petition and any additional pleadings, motions or briefs responsive to Petitioner's October 7, 2024, filings by no later than October 23, 2024. Petitioner proposes that its reply to Respondent's submission shall be filed by October 30, 2024. In addition, Petitioner proposes that should the Court determine that an in-person hearing on this matter is necessary, it should be scheduled, during the week beginning November 4, 2024.

Petitioner's proposed briefing schedule affords Respondent ample time (almost two weeks from today) to prepare its Answer and any other responsive filings it wishes to submit. Respondent has known that Petitioner intended to initiate this Section 10(j) action since no later than September 12, 2024, when the undersigned Counsel for Petitioner advised Respondent counsel via email that the National Labor Relations Board (Board) General Counsel had sought Board authorization to seek injunctive relief in this case under Section 10(j) of the Act. On September 19, 2024, Counsel

for Petitioner advised Respondent counsel via email that the Board had authorized the filing of this Section 10(j) case, and that such filing was imminent. Respondent has thus been aware of its need to respond to this Petition for Temporary Injunction for nearly a full month, during which time Respondent has had every opportunity to begin the preparation of its defense. Furthermore, many of the issues addressed in the Petition – particularly those relating to Petitioner's likelihood of success on the merits of the underlying unfair labor practice case before the Board – are identical to those that Respondent fully addressed in briefing it submitted to the NLRB administrative law judge on September 24, 2024, following a protracted administrative hearing concerning the merits of the same unfair labor practice allegations at issue herein. Under these circumstances, Respondent should not be afforded excessive time to respond to this Petition. Instead, the Court should require Respondent to promptly submit its responsive filings in accordance with the statutory scheme underlying Section 10(j) of the Act requiring the Court's expeditious resolution of the case.

Respondent asserts that it cannot submit a response in this case before October 30, 2024, because its attorney Michael Mauro has other commitments throughout the period between now and October 30. However, Mr. Mauro is not the only attorney who has represented Respondent in the unfair labor practice case before the Board, as Respondent has at least two other very experienced attorneys from Mr. Mauro's firm – Richard Milman and Michael Jacobson – who appeared on behalf of Respondent during the Board administrative proceeding, who are closely familiar with the issues involved in the instant matter, and should be able to address the Petition and associated submissions in a timely manner.

For these reasons, Petitioner respectfully urges the Court to order that the Parties promptly submit their briefs without delay, while still providing Respondent sufficient time to consider and

respond to Petitioner's filings. Accordingly, Petitioner requests that Respondent be ordered to submit its Answer and any other responsive documents by no later than October 23, 2024, that any reply thereto shall be submitted by Petitioner by no later than October 30, 2024, and that an in-person hearing, if necessary, be scheduled during the following week beginning November 4, 2024, according to the Court's availability.

**RESPONDENT'S PROPOSED BRIEFING SCHEDULE**

Respondent requests that it file its responsive papers on October 30, 2024. The undersigned is responsible for drafting the responsive pleadings and has substantial commitments in other matters that necessitate the requested date. A major time commitment is involved in filing an emergency stay and expedited appeal in the United States Court of Appeals for The Second Circuit related to the issuance of a preliminary injunction in *Hercules Pharmaceuticals v. Brant Cherne* (2:24-cv-05659). Another major commitment is completing several depositions over the next two weeks prior to the October 24, 2024, discovery deadline in *Espada et al. v. City of New York*, et al. (23-CV-6186). U.S. Magistrate Judge Cho has already granted several discovery extensions so seeking leave for another is not an option.

Aside from the undersigned's time constraints, the purported sense of urgency posited by the petitioner is imaginary. While Respondent will address the galaxy of deficiencies in its opposition to the petition, it is imperative to note now as the Court considers the briefing schedule that Petitioner will not be able to show irreparable harm.

The Court will first be respectfully reminded that pursuant to the recent United States Supreme Court case *Starbucks Corp. v. NLRB*, Petitioner is required to establish the traditional elements of FRCP 65 rather than a now-invalidated lesser standard the NLRB utilized for years.

As the Court is aware, a showing of "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Hodnett v. Medalist Partners Opportunity Master Fund II-A, L.P.*, 2021 U.S. Dist. LEXIS 27205, *14 (SDNY 2021) citing *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). To show irreparable harm, a plaintiff "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Id. (quoting *Freedom Holdings*, 408 F.3d at 114); *see also Borey v. Nat'l Union Fire Ins. Co.,* 934 F.2d 30, 34 (2d Cir. 1991) (noting that "a mere possibility of irreparable harm is insufficient"). A district court "must not simply presume irreparable harm." Salinger, 607 F.3d at 82 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)). Rather, the movant must present evidence that irreparable harm will in fact occur. *Id.*

Delay in seeking injunctive relief "'may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency' upon which the availability of the remedy is predicated." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995)); *see also Tom Doherty*, 60 F.3d at 39 (noting that district courts should consider delay in analyzing irreparable harm (collecting cases)).

As the Second Circuit has explained, "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276-77 (2d Cir. 1985) (citations

omitted). "There is no bright-line rule for how much delay is too much, but courts in this Circuit 'typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months.'" *Monowise Ltd. Corp. v. Ozy Media, Inc.,* 2018 U.S. Dist. LEXIS 75312, 2018 WL 2089342, at *2 (S.D.N.Y. 2018) (collecting cases).

Here, the events complained of in the petition allegedly took place in November and December 2023. Yet, Petitioner chose not to seek injunctive relief until nearly a year later. This undisputed fact alone precludes a finding of irreparable harm, which requires denial of injunctive relief. *Damone v. Teamsters Local 804*, 2018 U.S. Dist. LEXIS 224412, 2018 WL 7821134, at *2 (E.D.N.Y. 2018) (denying preliminary injunction due to unexcused nine-month delay (collecting cases)); *T—Mobile Ne. LLC v. Water Auth. of W. Nassau Cnty*., 249 F. Supp. 3d 680, 684 (E.D.N.Y. 2017) (finding that seven-month delay indicated that alleged harm was not actual or imminent); *Ins. Co. of the State of Pa. v. Lakeshore Toltest JV, LLC*, 15-CV-1436, 2015 U.S. Dist. LEXIS 165213, 2015 WL 8488579, at *3 (S.D.N.Y. Nov. 30, 2015) (noting that a seven-month delay "undercuts a finding of irreparable injury"); *Dish Network, L.L.C. v. American Broad. Cos. (In re AutoHop Litig.),* 2013 U.S. Dist. LEXIS 143492, 2013 WL 5477495, at *10 (S.D.N.Y. 2013) (noting that six-month delay weighed against finding of irreparable harm).

The absence of irreparable harm found in the delay here is exacerbated by Petitioner's failure to seek injunctive relief when it clearly contemplated doing so at least as early as May 2024. To wit, on May 14, 2024, Petitioner notified Respondent's counsel via email that it had "submitted the case to the NLRB Injunction Litigation Branch for consideration of whether seeking a Section 10(j) injunction in this matter is appropriate." *See* Exhibit A. Yet, Petitioner waited another 5 months to ultimately file.

Additionally, the evidentiary hearing was completed in July 2024. Post-hearing briefs were submitted by Petitioner and Respondent on September 24, 2024. A decision is likely to issue within a matter of weeks. The purported urgency Petitioner conjures in refusing to agree to an additional seven days for an October 30, 2024, opposition submission is irrational at best.

Moreover, it is critical for the Court to note now and in considering the petition itself, is that the Union that filed the unfair labor practice charge giving rise to this imbroglio did not bother to file a post-hearing brief to the administrative law judge as is traditionally done by a union that purports to be hyper-solicitous of its membership. Obviously, if the irreparable harm Petitioner claims exists now then the absence of the Union bothering to even present its evidence to support the unfair labor practice charge it filed (not any individual union member to be reminded) undercuts any claim that there is irreparable harm to the Union or its members.

In sum, the additional seven days for Respondent to submit its opposition cannot potentially exacerbate the purported irreparable harm because precedent precludes finding that such harm exists.

Finally, Respondent contends that there is no need for hearing in this matter since the Petition clearly shows a full evidentiary record was developed where testimony was taken, evidence was admitted into the record, the administrative law judge observed witnesses' demeanor and Petitioner and Respondent (not the Union) submitted lengthy post-hearing briefs. A hearing by the Court would be an abject waste of the Court's limited resources. Should the Court be inclined to have a hearing Respondent proposes December 4 since the undersigned will be traveling the week of November 11 and then has a multi-week arbitration commencing November 18, 2024.

__*/s/ Matthew A. Jackson*________
Matthew A. Jackson
Counsel for Petitioner

*/s/Kyle F. Monaghan*________
Michael Mauro
Kyle F. Monaghan
Counsel for Respondent

Dated October 10, 2024